FILED

DEC 11 2020

*Matthew Thelen*
CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## NORTHERN DIVISION

| | |
|---|---|
| BRENDON JAVON JACOB RODLUND | 1:20-CV-01031-CBK |
| Petitioner, | |
| vs. | **ORDER DENYING MOTION TO VACATE AND ORDER DENYING A CERTIFICATE OF APPEALABILITY** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner pleaded guilty to sexual abuse and was sentenced on December 27, 2019, to 157 months custody, to be served consecutive to the sentence imposed in the Fifth Judicial Circuit Court, Roberts County, South Dakota, case # 54CRI17-000320. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The government filed a motion to dismiss the appeal based upon the appeal waiver contained in the plea agreement. Petitioner thereafter voluntarily dismissed his appeal.

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a motion for leave to proceed *in forma pauperis*. Petitioner contends that he received ineffective assistance of counsel in violation of the Sixth Amendment. Specifically, he contends that he was not shown the discovery in his case, that counsel mis-represented the facts to pressure him into pleading guilty, that counsel advised him that he would receive a sentence of ten years, that counsel was aware that the victim was "deemed not credible in another sexual abuse case" but failed to investigate, that counsel failed to investigate his actual innocence claim, and that all of the foregoing led him to enter a guilty plea instead of going to trial on the sexual abuse charge. Petitioner further contends that he was denied his right to plead guilty to obstruction of justice and proceed to trial on the sexual abuse charge in violation of his right to Due Process.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## DECISION

To support a claim of ineffective assistance of counsel, a two-prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). In the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir.2001), (*quoting* Hill v. Lockhart, 474 U.S. 52, 59 (1985). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

### A. Sentencing Guidelines Advice.

Petitioner contends that counsel mislead petitioner about the sentence he would receive and failed to accurately calculate the Federal Sentencing Guidelines when advising him about the plea offer. Petitioner contends that he was advised that his offense level would be 27 and his criminal history category would be VI. In that case, his guideline range would have been 130-162 months. He claims he was told he would receive a ten-year sentence. A sentence of 120 months would not have been in the

2

guideline range petitioner contends he was advised would apply. Petitioner's actual total offense level was 29 and his criminal history category was V. Thus, his guideline range was 140-175 months. I sentenced petitioner to 157 months based upon the aggravated element of obstruction of justice. Even though I found that he obstructed justice, I afforded petitioner a three-level reduction for acceptance of responsibility, which reduced his range from 188 – 235 months.

At the change of plea hearing, I asked petitioner:

> Do you understand that any estimate of an advisory guideline range which your attorney may have given you, or for that matter by anybody else at this stage, is only an estimate; and the final advisory guideline range may be different, may call for a longer sentence than what you talked about with your lawyer? And if that happens, you would not be able to withdraw any plea of guilty which you may have entered here. Do you understand that?

Petitioner testified under oath that he understood that. I further asked:

> Do you understand that if you plead guilty here today to the charge contained in the Count 1 of the indictment that the Court at a later date will conduct a sentencing hearing. At that hearing, I will listen to the evidence. I will not require anyone to prove anything beyond a reasonable doubt, but again only by a preponderance of the evidence. Based upon the evidence, I will then decide at that hearing what the facts are. Based upon what I find the facts to be, I will decide what your advisory guideline range is, and I will then sentence you within the guideline range, below the guideline range, or above the guideline range, up to life imprisonment. Do you understand all of that?

Petitioner testified under oath that he understood that. I further asked:

> Has anyone promised you what sentence you would receive if you would plead guilty to Count 1?

Petitioner testified "no."

Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97

S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))). Petitioner cannot show that he was prejudiced by any alleged failure by counsel to properly calculate the probable sentencing guideline range. I advised him that I could impose any sentence I found to be reasonable as long as the sentence did not exceed the statutory maximum and petitioner testified, under oath, that he understood that. Petitioner cannot show that there is a "reasonable probability that, but for counsel's alleged failure [to properly advise him what sentence he may receive] the result of the proceeding would have been different." Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 2009).

### B. Voluntariness of Plea

The remainder of petitioner's ineffective assistance of counsel claims concern the petitioner's knowledge of the quality of the government's case against him. He contends that counsel did not show him the government's discovery, that counsel knew the victim was not credible and failed to further investigate her credibility, that counsel failed to properly investigate his actual innocence, and that all the foregoing was done to mis-represent the facts to pressure him into pleading guilty instead of going to trial on the sexual abuse charge.

Petitioner's waiver of his Constitutional right to insist the charges against him be tried to a jury can only be waived by a guilty plea that is "voluntary" and "intelligent." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998) (*citing* Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). The United States Supreme Court has set forth the standard as to voluntariness:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

4

Brady, 397 U.S. at 755, 90 S.Ct. at 1472. Petitioner was fully advised of the consequences of pleading guilty and I found on the record at the plea hearing that his plea was voluntary. Nothing in the motion to vacate shows otherwise.

A plea is intelligently made where the petitioner "was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Brady, 397 U.S. at 756, 90 S.Ct. at 1473.

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted . . . The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

Brady, 397 U.S. at 756-57, 90 S.Ct. at 1473. Petitioner contends that there was evidence that the victim would not have been a credible witness. He faults counsel for not investigating that. Petitioner's guilty plea waived this claim. The Supreme Court has stated that habeas corpus relief functions "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley, 523 U.S. at 620, 118 S.Ct. at 1610.

Petitioner testified twice under oath at the change of plea hearing that the factual basis statement was true. The factual basis statement set forth that petitioner engaged in sexual intercourse with a 17-year-old victim when she was physically incapable of declining participation in and communicating her unwillingness to engage in the sexual act. During the presentence interview, petitioner again agreed with the factual basis statement and expressed his remorse, stating "I'm sorry. I know better than to put myself in a situation like that. If I hurt her, I'm sorry. If I could take it back I would. I did not mean any harm to her." Petitioner admitted at least three times at his plea hearing that he

was guilty. He admitted to the Probation Officer that he was guilty and expressed remorse for his actions. Petitioner cannot show that, absent a claimed error in the advice he received about the strength of the government's case, he would have denied he committed the offense and would have proceeded to trial.

Petitioner's allegations as to ineffective assistance of counsel in failing to investigate the strength of the charges against him do not detract from the finding that his plea was intelligently entered. Fed. R. Crim. P. 11(b)(2) requires that a plea be voluntary. I determined, based upon the petitioner's sworn testimony, that his plea did not result from force, threats, or promises (other than promises in a plea agreement). Petitioner's allegations as to ineffective assistance of counsel in failing to investigate the strength of the charges against him do not affect the determination as to the voluntariness of his guilty plea. Fed. R. Crim. P. 11(b)(3) requires that there be a factual basis for the plea. I determined that there was a factual basis for the guilty plea. Petitioner's allegations as to ineffective assistance of counsel in failing to investigate the strength of the charges against him do not affect the determination that there was a factual basis for the guilty plea. Only ineffective assistance of counsel claims which affect the voluntary and intelligent nature of the plea would be cognizable in a case where the defendant has entered a guilty plea.

## C. Due Process Claim.

Petitioner contends that he was denied his right to plead guilty to obstruction of justice and proceed to trial on the sexual abuse charge in violation of his right to Due Process. This claim is, in effect, an ineffective assistance of counsel claim as to legal advice given to the petitioner. Petitioner again contends that, absent advice from counsel, he would have gone to trial on the sexual abuse claim.

As set forth previously, I reject any contention that his plea was not knowing and voluntary. I very clearly advised petitioner at the change of plea hearing that he had the right to go to trial on the sexual abuse charge. Petitioner cannot demonstrate that, absent counsel's alleged bad advice, he would have denied that he had sexual intercourse with the victim while she was incapable of declining participation or was incapable of

6

consenting and would have instead gone to trial on that charge. He cannot at this point change his position and claim that he is actually innocent. DNA evidence also clearly implicated the defendant.

Petitioner states he was guilty of the obstruction of justice charge but not the "rape" charge. He thus admits that he lied under oath in testifying at a suppression hearing that he had no sexual contact with the victim. These are totally opposite contentions.

I have determined, upon initial consideration, that it plainly appears from the face of the motion and the prior proceedings in the criminal case that petitioner is entitled to no relief and that his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be summarily dismissed.

## ORDER

Based upon the forgoing,

IT IS ORDERED:

1. Petitioner's motion, Doc. 2, to proceed *in forma pauperis* is granted.

2. The motion to vacate, set aside, or correct sentence is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 11th day of December, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

7